## LYFORD *v.* THE WINNIPISEOGEE BANK.

An agreement, made by the purchaser with the vender of land, to take care of the attachments made upon it by the creditors of the latter, will not sustain an action by him, counting upon a promise to pay off and remove such attachments.

ASSUMPSIT. The declaration alleged that the defendants, upon consideration that the plaintiff would make out and deliver to them a quitclaim deed of certain lands and privileges, promised and agreed with the plaintiff to remove and pay off all incumbrances on said premises on demand.

Upon the trial, it was agreed that there was no other incumbrance on the premises than attachments made by the creditors of Lyford, and that the parties so understood.

The plaintiff introduced a witness, who testified that he once called at the bank, and that Coffin, the cashier, wished him to say to the plaintiff that if he would quitclaim all his right to the land, the bank would take care of the attachments; that the witness delivered the message to Mr. Lyford, who merely nodded his head, but made no remark. The defendants objected, that there was a variance between the promise alleged in the declaration, and the proof; and the court ruled that evidence that the bank agreed to take care of the attachments was not competent to be submitted to the jury to prove a promise to remove and pay off all incumbrances on the premises.

A verdict was thereupon taken, by consent, for the defendants, upon which judgment was to be rendered, or it was to be set aside and a new trial granted, according to the opinion of this court.

*Perley*, for the plaintiff.

*Hazelton, Pierce & Bell*, for the defendant.

State *v.* Berritt.

Woods, J. The evidence in the case was of an offer made by the bank to the plaintiff, that if he would convey to the bank his interest in certain land, the bank would take care of the attachments that had been made by the creditors of the plaintiff. What the precise meaning of this offer was, is not apparent. It might have been so connected with previous negotiations between the parties, as to have signified an agreement like that which the plaintiff has declared on. Indeed, it is possible that such an agreement might have resulted, without any express stipulation, from the equities of the transaction. *Waring* v. *Ward,* 7 Ves. 332.

But there are many other things that it might have signified, and without more than appears, it is impossible to say that the evidence proves the contract set up. The defendants might have intended to undertake such care of the attachments as their own interest in the premises, when conveyed, might require to be taken for their own protection.

There must, therefore, be

*Judgment on the verdict.*